27 C.C.P.A. (Patents)

## In re FISCHER.

### Patent Appeal No. 4349.

Court of Customs and Patent Appeals.

July 8, 1940.

Knight Bros., of Washington, D. C. (Samuel Lebowitz, of Washington, D. C., of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the examiner rejecting for want of invention, in view of the prior art, claims 1, 2, 4, 6 to 9, inclusive, 12 to 16, inclusive, and 18 to 20, inclusive, of appellant's application for a patent. Claims 3 and 5 directed to the apparatus and claim 11 directed to the method

of production of sheet material were allowed by the board. On appeal here appellant moved to dismiss the appeal as to claims 13 and 19. The motion will be granted.

Claims 1, 2, 4, 6 to 8, inclusive, and 20 are apparatus claims. Claims 9, 12, 13, 14, 15, 16, 18 and 19 are method claims.

Claims 1 and 9 are illustrative and read as follows:

"1. Apparatus for forming products of definite shape from a suitable elongate raw material including a compacting unit having a channel and a reciprocating plunger for forcing said material into and through said channel, and a securing unit for securing the material together subsequent to its formation by said compacting unit, and means constantly tending to feed said raw material in its substantially aligned elongate state to said compacting unit, said means being of a nature which cannot force too much of said material into said compacting unit.

"9. The method of making sheets which includes a compact matted layer of elongate fibrous material and securing said layer in permanent form by stitching it along a plurality of lines while holding it compacted with said fibrous material in a substantially aligned state."

The references cited are: Upson, 1,802,-543, April 28, 1931; Birum et al., 1,889,913, December 6, 1932.

Appellant's application relates to a compacting apparatus and method for the production of sheets or mats of fibrous material of elongate form, such as straw. Elongate fibers are fed into a hopper which feeds into a channel of desired cross section. As the fiber is fed into the channel a plunger acts to compact the fiber and force it through the channel. The compacted fiber issuing from the channel is stitched in longitudinal fashion and the web, as stitched, may have a coating applied to it.

The patent to Upson relates to insulating material and padding such as is used in building construction, and a method of making the same. The patent discloses a stitching machine for forming a plurality of parallel stitches joined with the fiber web forming device.

The Birum et al. patent relates to an apparatus and method for making stuffed bars of fibrous material of various utility, one of which is the construction of floral

funeral forms. It discloses a compacting chamber, a tamping means, and retaining means consisting of longitudinally extending and helical wound wires or the like, with or without sheet material covering part or all of the exterior of the bar.

The examiner rejected claims 1, 12, 13, 15, 16 and 20 as unpatentable over the patent to Birum et al. Claims 2, 4, 6 to 9, inclusive, 14, 18 and 19 were rejected by the examiner on the patent to Birum et al. in view of the Upson patent, and the Board of Appeals affirmed the decision.

Appellant admits that the assembly shown in the Birum et al. patent bears some analogy to that shown in his application. Appellant contends that his device differs from that of the patent in that the device of the application primarily handles undigested fibrous material in the form of straw in an elongated or aligned state, whereas the apparatus of the patent handles digested fibrous material. The patent clearly discloses the use of both undigested and digested fibrous material. In the specification it is stated as follows: " * * * In the practice of making the bar for the production of floral funeral forms, the present practice indicates the use of an article commercially known as sphagnum moss, but it is to be understood that the invention is in no way limited to the use of this material and that any other fibrous or like material including without limitation, such materials as shredded or torn paper, cotton linters, sawdust, excelsior and the like within the scope of the useable materials."

We therefore can see no force to this contention.

Appellant contends the greatest distinction of claim 1 over the patent of Birum et al. to be "means readable upon the pair of endless bands which inherently operate to feed the proper amount of material to the compacting channel at the top thereof out of range of the reciprocating plunger." However, none of the claims specifies a pair of endless bands and we do not think that we should read such a limitation into the claims. In re Krichbaum, 39 F.2d 280, 17 C.C.P.A., Patents, 979; In re Stern, 40 F.2d 1000, 17 C.C.P.A., Patents, 1234; In re Wait, 83 F.2d 696, 23 C.C.P.A., Patents, 1172; In re Crowell, 84 F.2d 206, 23 C.C.P.A., Patents, 1246; McCarty v. Lehigh Railroad Co., 160 U.S. 110, 16 S.Ct. 240, 40 L.Ed. 358.

The Birum et al. patent discloses a safety outlet for preventing overfeeding of the material. It is part of the feed trough and in this respect the apparatus claims of the application do not establish any patentable difference over the patent. This patent also provides for a securing unit for holding the product together. While the product shown in the patent shows a circular cross section which is secured by twine or wires, it also discloses that the passage in which the material is compacted may be of any shape desired. If the product of the apparatus of the patent were flat in form, as a sheet, it would not involve invention to combine the apparatus of Birum et al. with the sewing machine of the Upson patent for stitching the product together. The application of appellant also discloses that the product may by change of the shape of the compacting channel and plunger result in various shaped products. Hence in our opinion any particular shape must be held to be a matter of selection.

We hold therefore that the combination of the compacting machine as shown by the Birum et al. patent with the sewing machine as disclosed by the patent to Upson would be obvious to one skilled in the art and for that reason no invention is involved in combining these features as was done by appellant.

Some of the rejected claims provide for means for coating the sheet after it has been stitched and a drying unit for drying the coating. In the patent to Upson adhesive is applied to the stitched sheet with the sheets of covering material, and the patent, in its heated rolls, has the equivalent of the drying unit of the application. Therefore we can see nothing inventive in the means of coating and drying the sheet in the rejected claims.

Appellant contends that his method claims define operations not disclosed in the references. He argues in his brief that he subjects specific material in the form of elongate fibers to specific treatments to produce a specific result which is not shown in the cited patents. The processes of the application, however, do not differ from the processes of the references. Merely because the feeding material of appellant may be different from that shown in the references would not of itself make his process patentable. In re Williams, 87 F.2d 499, 24 C.C.P.A., Patents, 861. Moreover the involved claims do not define any mate-

rial that is specifically different from that which may be used in the patent to Birum et al.

■ We can perceive no error in the holdings of the tribunals below. Appellant's appeal as to claims 13 and 19 is dismissed, and the decision of the Board of Appeals rejecting claims 1, 2, 4, 6 to 9, inclusive, 12, 14 to 16, inclusive, 18 and 20 is affirmed.

Affirmed.