28 C.C.P.A. (Patents)

## In re ALLATT.

Patent Appeal No. 4474.

Court of Customs and Patent Appeals.
July 3, 1941.

546

Louis Barnett, of New York City, for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office which, while modifying the decision of the examiner rejecting all the claims (thirty-nine in number) of appellant's application in certain respects hereinafter recited, affirmed it generally upon one ground, and, in some instances, specifically as to other grounds.

The following references are embraced in the decision of the board: Bates, 1,654,-777, Jan. 3, 1928; Hirschhorn et al., 1,955,-808, Apr. 24, 1934; Irmscher, 1,967,441, July 24, 1934; Allatt, 1,983,727, Dec. 11, 1934; Irmscher, 2,006,356, July 2, 1935; Irmscher, 2,010,994, Aug. 13, 1935; Ingram, 2,015,075, Sep. 24, 1935; Williams, 2,071,244, Feb. 16, 1937.

The claims as printed in the record under our rule XXVI–3 are numbered, respectively, 2, 17, 18, 21, 22, 23, 24, 25, 26, 29, 30, 31, 33, 34, 35, 37, 38, 40, 44, 49, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 67, 68, 69, and 70.

An analysis of the record shows the following respecting the status of the case as it comes to us.

1. All the claims stand rejected on the basis of two requirements for division made at different times.

2. Seven of the claims (Nos. 17, 18, 22, 23, 24, 25, and 26) were embraced in group II in the first requirement for division and all the others in group I. Appellant, proceeding under Patent Office rule 42, elected to prosecute the claims in group I, retaining those in group II for the purpose of appeal to the board. Those in group II are printed in the record which comes to us under the heading "Appealed Claims," but appellant has made it clear to us that it was not his intention to bring them before us for action and it may be said that his reasons of appeal do not cover them so far as the ground (requirement for division) upon which they stand rejected is concerned. They received no consideration on their merits by the tribunals of the Patent Office.

3. As appellant proceeded with the prosecution of the claims in group I of the first requirement for division, a second requirement for division was made, claims 38, 57, 58, and 65 being placed in one group and claims 2, 21, 37, 49, 51, 52, 53, 54, 59, 60, 61, 62, 67, 68, 69, and 70 in another group. This requirement was approved by the Examiner of Classification (to whom, appellant's brief states, it was submitted at appellant's request) "subject to the non-allowance of claims 29–31, 33–35, 44, 55, 56, 63, 64 and 66 or similar claims." Of these, claim 66 is not included in the appeal to us.

4. Five claims, Nos. 49, 51, 52, 53, and 59 which were rejected by the examiner as unpatentable over prior art, stand allowed by the board so far as prior art is concerned, but stand rejected under the second requirement for division, although printed in the record before us under the heading, "Allowed Claims."

5. Four claims, Nos. 2, 54, 61, and 70, stand rejected under the second requirement for division and, so far as the record shows, on that ground only. This seems also to be true of claims 38, 57, 58, and 65 embraced in the first group of the second requirement for division.

6. Thirteen claims (Nos. 29, 30, 31, 33, 34, 35, 40, 44, 55, 56, 63, 64, and 68) stand rejected under the second requirement for division and also, as the board expressed it, "on [the ground of] aggregation or improper combination" (Nos. 33, 34, and 68 of this group were further rejected as unpatentable over prior art, thus placing those claims under three grounds of rejection).

7. Nine claims stand rejected (in addition to their rejection under the requirement for division) as anticipated by references; viz., Nos. 21, 33, 34, 37, 60, 62, 67, 68, and 69.

■ Appellant moved to dismiss the appeal as to the claims 17, 18, 22, 23, 24, 25, and 26 embraced in group II of the first requirement for division. This motion will be allowed and there will be no further discussion of those claims.

Claims Nos. 49, 51, 52, 53, and 59, allowed by the board so far as their merits are concerned, but standing rejected under the second requirement for division, do not require discussion by us.

In approving the second requirement for division, the Examiner of Classification said:

"The inventions are distinct and independent and the fields of search are widely divergent.

"Should a combination claim covering the separately divisible features be found subsequently to be allowable, the question of joinder should again be considered."

As has been stated, all those claims (Nos. 29–31, 33–35, 44, 56, 63, and 64) upon the non-allowance of which the second requirement for division was conditioned stand rejected on the ground of aggregation or old combination, and, as we understand the meaning of the last paragraph quoted above from the ruling of the Examiner of Classification, it is that if any of those claims be held not rejectable on that ground, the second requirement for division will not stand, but if the rejection of those claims on the ground of aggregation or old combination be sustained, then it becomes necessary to inquire whether the second requirement for division was proper.

Such being the situation, it is logical that the rejection on the ground of aggregation or old combination be first considered.

In his general description of the subject matter the examiner said: "The subject matter of the application comprises a machine for making and filling tea bags. An upper turret has four stations, one where a strip of tubular material is fed to the turret, and a bag section is severed and applied to depending supporting fingers on the turret, a second at which bottom closure seams are applied to the successive tubular sections by a sewing machine mounted to oscillate with an intermittent movement, means being provided to sever the strand connecting the successive seams, a third at which the bags are filled with a charge of tea, and a fourth at which the bags are released from the depending arms of the upper turret. Upon release the bags fall freely to a lower turret, on which the bags are carried past a stationary sewing machine which applies top closures, and then to a station where a string handle and tag unit is riveted to the bag. The bags are then removed from the lower turret by a transfer mechanism, which carries them to a discharge conveyor, the string and tag being placed in non-tangling relation to each bag during this transfer."

Neither of the tribunals of the Patent Office suggested any particular claims as being illustrative of those embraced in the different classes, nor does the brief filed before us by the Solicitor for the Patent Office suggest any. The brief filed on behalf of appellant in discussing the claims rejected on the ground of old combination uses claim 35 "as representative of the combination." Claim 35 is unintelligible on this point, however, except when read in connection with claim 34. Hence we quote the two:

"34. In a machine of the character described, the combination of a mechanism having bag section holding means of the depending type for applying a first end closure to provide a receptacle, means for filling the receptacle formed with an essence containing product while the receptacle formed is retained by said mechanism, another mechanism for applying a second end closure to the bag for retaining said product therein, a string handle and tag supply means, means for anchoring one end of the string handle to the second closure, means for feeding the string handle from the supply means to the anchoring means, and means for transferring the bag from said anchoring means to discharge from the machine.

"35. The combination defined in claim 34 in which said transferring means includes a device for folding the string

handle and positioning the tag in non-tangling relation to the bag."

Claims 33, 34, and 35 were discussed together by the examiner, who said of them:

"These claims have been rejected on Irmscher No. 2,010,994 in view of either Ingram or Hirschhorn et al., and Irmscher No. 2,006,356. The first-mentioned Irmscher patent shows a first turret having depending bag holding arms, means for sewing the bottoms of the bag sections placed thereon, means for filling the bags, and means for releasing them to a lower level for further operations. On page 2 of the specification, column 2, lines 12 to 19, applicant states that 'the receptacle falls upon a transfer table or turret 48 and is supported in vertical position by means of arms 49. This structure may follow any of the common structures now in use for transferring the receptacle to a closing apparatus and in as much as it forms no part of the present invention will not be described in further detail herein.' The patents to Ingram and Hirschhorn et al. each show a lower turret or support of the conventional machine of this type, with means for closing the bag and applying a string handle and tag. The second-mentioned Irmscher patent shows a portion of the same type of machine dealing with discharge of the bag and arrangement of the string in non-tangling relation.

"It may be noted that these patents are assigned to the assignee of the application here involved, and that with the exception of Ingram, none of them are copending with this application. All these devices, relating to a single art and apparently designed to be used together, having been patented and disclosed to the public, it is not believed that claims should now be allowed for the mere juxtaposition and use of these devices in a single system, which would prevent the use of the patented devices for the purposes for which they were intended, after the expiration of the patents. If the connection and coordination of the various parts presented difficulties necessitating the exercise of invention and resulting in novel structure, such subject matter has not been included in the claims."

The board differentiated between the three claims and held, in effect, that the limitation in claim 35 relating to means for folding the string handle and positioning the tag in non-tangling relation to the bag, patentably distinguishes that claim from the prior art, thus reversing the examiner on that feature, but it affirmed on the "old combination" ground.

The examiner discussed the other claims embraced in the group rejected on the ground of old combination as follows:

"Claims 29 to 31, 33 to 35, 40, 44, 55, 56, 63, 64 and 68 all include some features of both turrets, the upper with its stations for providing bag sections, sewing bottom closures, filling and dropping the bags, and the lower with its closure means and stapling and discharge mechanism. These claims have been rejected on the ground of old combination in view of Ingram. In Ingram the two turrets are provided, and the same operations of sewing the bag bottoms, filling, dropping, closing and stapling of string handles are provided in the same relative positions on each turret.

"The only connection between the two turrets in each instance is the common driving means and the fact that the bag is released from the upper turret and falls freely to the lower turret. It has been held that claims which include both turrets and all or parts of their station mechanism are for a combination shown to be exhausted in Ingram, since no new relation is shown between the two turrets and their related mechanisms."

The board said: "As to the rejection on aggregation or improper combination, the patent to Ingram discloses mechanism in which the sections of the bag are sewn together and the bags are filled and later a tag and string are applied to the bag. The patentee states * * * that the tag feeding mechanism forms no part of the invention and further description is unnecessary. In Fig. 3 of the drawing a reel 105 is shown in dotted lines for supplying the string but there is no mechanism shown for supplying the tags. We believe the examiner is warranted in rejecting this set of claims on aggregation or improper combination. Ingram found it unnecessary to describe the full details of his machine and probably as the tag and string applying mechanism was considered a separate subject of invention as supported by the art of record. We believe the examiner is warranted in dividing the operations of the machine into those on the upper turret and those on the lower, and therefore the rejection is proper."

We have given careful attention to appellant's argument respecting the matter of old combination. As has been stated,

claim 35 was used by him as the basis for argument on this point, and, as heretofore has been pointed out, that claim is useless as a basis on this point except when read in connection with claim 34. It may be further said that its use tends to create confusion, because it contains a limitation which, did it stand alone, would, upon its merits, have rendered the claim allowable in the view of the board. In considering the question of combination, it must be remembered that the fact that the claim contains a feature per se patentable does not mean that the inclusion of such feature necessarily renders the machine of which it is a part patentable as a combination, nor would its inclusion, of itself, patentably differentiate the combination described in the claim from prior art combinations.

The Supreme Court of the United States in its decision in the case of Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 58 S.Ct. 662, 664, 82 L.Ed. 1008, said: "The mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, is not patentable invention. And the improvement of one part of an old combination gives no right to claim that improvement in combination with other old parts which perform no new function in the combination."

■ The brief filed before us by the Solicitor for the Patent Office states, we think, correctly: "The test to be applied to claims of this character is whether or not the action of one of the elements embraced by the claim is modified in any way by the fact that another element has the specific structure recited. Unless such modification occurs, the claim recites merely an aggregation or old combination."

In the brief for appellant claim 35 is analyzed (of course, in connection with claim 34 to which it refers) and the different features embraced in it are set forth. This is followed by argument to the effect that appellant may be seen to have produced a different combination from that of Ingram by comparing the construction of the tea balls each is capable of producing, and in this connection comparisons are made.

■ We do not think comparison of the products resulting from the use of different machines constitutes a correct basis for determining whether the structural combination in one machine is patentably different from the structural combination in another. All the claims under discussion being structural in character, the correct basis of comparison is that of the structure defined in the claims with the structure described in the art cited against them.

■ This latter comparison has been made by us in the light of the specifications and drawings of appellant's application and those of the cited art. Both the application and the Ingram patent contain a large number of drawings and no good purpose would be served by reviewing them in further detail than was done in the respective decisions of the examiner and the board, the material parts of which we have quoted. Claim 35 was doubtless selected by counsel for appellant as representative, in part at least, because of the feature in it which the board, in effect, held to be per se patentable. We do not regard this feature as rendering the claims for the combination patentable. None of the other claims rejected on the ground of old combination presents matter which differentiates them as combinations from claim 35.

We are not convinced that there was error in the rejection of claims 29 to 31, 33 to 35, 40, 44, 55, 56, 63, 64, and 68 on the ground of aggregation or old combination.

■ We come now to the matter of the second requirement for division under which all the claims stand rejected. Specifically, claims 38, 57, 58, and 65 were placed in group I, and claims 2, 21, 37, 49, 51–54, 59–62, and 67–70 in group II.

In the statement of the examiner following the appeal to the board it was said of this requirement for division:

"The basis for this requirement was the development of the art to separate the inventions relating to these machines into two groups, and the actual independence of the improvements and developments as related to one turret or the other. In particular, Group I, as composed in the later division requirement, relates to the operations taking place on the upper turret, which can be considered filling operations, and Group II to the operations taking place on the lower turret, which are mainly closing operations. The separation between these two sets of operations is complete, as the filled bag is dropped from the upper

turret and falls freely to the lower turret. The common driving mechanism is not considered sufficient to link together these independent mechanisms.

"In the art of record, Irmscher, No. 2,-010,994, is limited to upper turret, or filling means, and Hirschhorn et al., Allatt, and the other two Irmscher patents are limited to the lower turret, or closing and related operations. It is believed that since the combination is exhausted it is proper to regard the two groups as involving separate inventive acts, requiring separate search and consideration."

The board's discussion of this question reads: "As to the second requirement, this concerns division between claims 38, 57, 58 and 65, in one group, and claims 2, 21, 37, 49, 51–54, 59–62 and 67–70. The first set of claims are to the formation and filling of bags, which takes place on the upper turret. The second set has to do more with the application of the tag and string to the bag by means of a stapling device, performed on the lower turret. Again appellant urges these are subcombination claims but we believe in view of the development of the art the requirement of division is proper and note Irmscher No. 2,010,994 with claims to the upper turret and Hirschhorn, Allatt and other Irmscher patents to operations connected with the lower turret."

It will be seen by reference to the matter quoted above from the ruling of the Examiner of Classification that he said, "The inventions are distinct and independent and the fields of search are widely divergent."

The foregoing comprises all that is found in the decisions below relating to the reasons for the second requirement for division. We have experienced some difficulty in interpreting the statements but apparently it was the thought of all the tribunals of the Patent Office that because of the rejection of certain of the claims on the ground of old combination it was proper to require division as to the other claims "in view," as the board expressed it, "of the development of the art."

In the case of In re Rupert E. Rundell, 55 F.2d 450, 452, 19 C.C.P.A., Patents, 932, where claims stood technically rejected under a requirement for division, it was argued by the Solicitor for the Patent Office, in effect, that the question of division was one within the discretion of the Patent Office tribunals and that their exercise of

such discretion should not be disturbed by the courts. In commenting upon this we said: "The argument is quite appealing to the court that in all such cases, if the various classes of inventions described in claims filed in the Patent Office, necessarily, in the organization of that office, must pass through departments especially set up and equipped with specialists in the lines of said investigations, the work of the Patent Office and of this court would be greatly facilitated by giving to the office complete discretion in matters of division. However, in view of the authorities, we are not justified in holding this to be the law."

Various authorities were cited and we concluded that it was our duty to pass upon the question of division and did so, reversing the board. The same course was followed in the case of In re Hawkins, 57 F.2d 367, 19 C.C.P.A., Patents, 1104, where it was found that the alleged inventions set forth in various claims, concerning which the Patent Office had made a requirement for division, were closely related. In those cases there were claims which had not been considered on their merits in the Patent Office but stood technically rejected only under the requirement for division.

We have carefully considered the grounds upon which the second requirement for division in this case was based, and it is our conclusion that it was error to have made the requirement, or that at least it should not now be required, in view of the conclusion reached as to those claims rejected on the ground of old combination, the status of which will not be affected.

There seems to us to be a relationship between claims of the different groups set up in the second requirement for division which entitles appellant to prosecute them in a single application, and that all claims which have been allowed upon their merits, and any of those on appeal which may be found allowable upon their merits may properly be included in a single patent.

■ This holding, of course, will have no practical effect upon any claim finally rejected upon its merits, and we hereinafter state our views as to such claims as now stand so rejected. There are, however, eight claims which, so far as we can determine, received no consideration below on their merits, these being Nos. 38, 57, 58, and 65 in group I, and Nos. 2, 54, 61, and 70 in group II of the second re-

quirement for division. We think appellant, by reason of the close relationship of the subject matter of those claims, is entitled to have them considered in a single application. It is not our province to consider them on their merits in this proceeding, and following the practice adopted in the cases, cited supra, they will be returned to the Patent Office for consideration there.

Of the nine claims above enumerated which stand rejected under the decision of the board on or in view of the references, three (Nos. 33, 34, and 68) are included in the group which we have held to have been properly rejected on the ground of old combination. So, those three require no discussion here.

The remaining claims in this class, or group, are Nos. 21, 37, 60, 62, 67, and 69. Claims 21 and 69 stand rejected on the patent to Ingram, while the others stand rejected, as stated at one place in the decision of the board, as being "too broadly expressed to be patentable," which we assume means, in view of other statements in the opinion, that they are expressed so broadly that they conflict with prior art.

These claims have been carefully considered by us in the light of the record and appellant's arguments concerning them, and we are not convinced that their rejection, upon or in view of prior art, for the reasons given by the tribunals of the Patent Office, was erroneous. It could serve no good purpose to recapitulate the reasons and arguments here, and we refrain from so doing. The burden rested upon appellant to show wherein the board erred in its decision and, upon the phase of the case relating to the rejection based upon prior art, he has not met the burden.

The appeal as to those claims involved in group II of the first requirement for division is dismissed, and, for the reasons stated, the decision of the board is modified. It is affirmed as to the rejection of all the claims which were rejected on the ground of old combination, and as to all the claims rejected by the board in view of prior art. It is reversed as to the second requirement for division and the case is remanded to the end that such claims as have not been considered in the Patent Office upon their merits may be so considered.

Modified and remanded.

LENROOT, Associate Judge, did not participate in the decision of this case.