## In re STARR.

**Patent Appeals No. 5036.**

Court of Customs and Patent Appeals.

June 25, 1945.

Arlon V. Cushman, of Washington, D. C., and C. H. Porter and Roberts, Cushman & Grover, all of Boston, Mass. (Charles S. Grover and Robert Cushman, both of Boston, Mass., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

Appellant has appealed from a decision of the Board of Appeals of the United States Patent Office affirming that of the examiner rejecting all of the claims, 21, 22 and 23, of an application for a patent for Remote Controlled Mobile Submersible Mechanical Unit.

The examiner rejected the claims as lacking invention over the prior art, as follows: Hively, 1,202,519, October 24, 1916; Clayton, 1,375,278, April 19, 1921; Setlow, 1,-450,232, April 3, 1923; Roux, 1,585,210, May 18, 1926; D'Albay, 1,879,735, September 27, 1932; Lake, 1,997,149, April 9, 1935; Sherman, 2,019,059, October 29, 1935; Heath, 2,057,146, October 13, 1936; Hartman, 2,060,670, November 10, 1936. The claims were further rejected as being aggregational.

The board affirmed the decision of the examiner, stating that the main ground for rejection was that of aggregation.

Claim 21 is illustrative of the subject matter of the alleged invention and reads as follows: "21. A mobile, crewless, submersible salvaging unit of the kind described, having a liquid-tight hull, a plurality of electrical motors within said hull, each of said motors being independently operated and controlled from a remote surface power and control station thru electrical conducting wires, a propelling shaft extending from certain of said motors to propellers outside said hull, operating means extending from certain motors to tractor-propelling means fitted outside said

hull, a salvaging device operable outside said hull and operatively connected with certain of said motors inside said hull, means within the hull for indicating the directional and level positions of the same, and means to reproduce said indications at said surface station, means to illuminate the operations of the outside salvaging device; a window in the hull adjacent said illuminating means, in combination with television apparatus on the inside of said hull adjacent said window positioned to receive light stimuli from the field of said operations, and means to reproduce said stimuli as visual images at said surface station by means of the television apparatus."

The application relates to a submersible unit as defined in the claims adapted to be lowered to great submarine depths and remotely controlled. It comprises a pressure-resistant hull with propellers for moving the craft while suspended in water, a flexible caterpillar track on the bottom of the hull so that the unit may move while on the bottom of the ocean, a drill to operate on the ship or other object to be investigated, suction and scoop dredges, flood lights, television apparatus, trim indicator, and a relay box. All of the elements are operated by independent motors controlled from a switchboard located either ashore or on a surface vessel. It is not claimed that any of the means are not conventional.

Since we are of opinion that the claims were properly rejected as being aggregational, it is not necessary to discuss the prior art.

It is clear that all of the elements set out in the claims are old, and that each performs a well-known individual function. They are all entirely independent one of another, and each operates exactly as it would if none of the others were in existence. They cannot properly be held to cooperate in the production of a unitary result. There is surely no coaction, for example, between the propellers and the tractor means, and the means for indicating the position of the device have no effect upon the operating means, nor have those means any effect upon the means for indication. The total result is merely the sum of those produced by the separate parts. It has been well settled that such arrangement is a mere aggregation and therefore devoid of patentability. In re Gladeck, 124 F.2d 1021, 29 C.C.P.A., Patents, 840; In re Allatt, 121 F.2d 545, 28 C.C.P.A., Patents, 1367; In re Goggins, 86 F.2d 419, 24 C.C.P.A., Patents,

764; In re Hodler, 73 F.2d 507, 22 C.C.P. A., Patents, 705.

The decision of the Board of Appeals is affirmed.

Affirmed.