35 C.C.P.A.(Patents)

### Application of TRIER et al.

### Patent Appeal No. 5322.

Court of Customs and Patent Appeals.
June 3, 1947.

Rehearing Denied Sept. 29, 1947.

Norman E. H. Deletzke, of Chicago, Ill., for appellants.

W. W. Cochran, of Washington, D.C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before BLAND, Acting Presiding Judge, and HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 1 to 13, inclusive, 15 and 17 to 21, inclusive, in appellants' application for a patent for

an invention relating to a bottle washing apparatus.

Claims 1, 5, 12, and 17 are sufficiently representative of the appealed claims. They read:

"1. A machine for washing bottles or similar containers including intermittently movable bottle or container conveying means, bottle or container support means carried by said conveying means and adapted to maintain a bottle in securely fixed position relative to said support means with substantially all of said bottle exposed for spraying or washing while being conveyed through said washing machine, and a spraying device intermittently operable in timed relation with a period of dwell of said intermittently movable conveying means, said spraying device being movable during a period of dwell of the machine over the exterior of the bottle to wash or spray the exterior of the bottle, said bottle being maintained in operative position solely by said bottle support means."

"5. A machine for washing bottles including bottle conveying means for the step-by-step advance of a bottle carried in a bottle support on said conveying means with a period of dwell between each successive step, a spray ring provided with centrally directed jet orifices reciprocably movable axially of a bottle in said support, said spray ring being of sufficient diameter to receive a bottle carried by said support, means at a predetermined station in advance of said bottle support for mounting said ring for movement axially of a bottle in said support, means for the axial actuation of said ring in time synchronism with a period of dwell of the support at said station, and means for supplying said spray ring with liquid under the pressure during its axial movement, said ring being adapted to discharge said liquid through said centrally directed jet orifices during the axial movement of said ring and during the dwell of said support."

"12. In a device of the character described, the combination with a bottle propelling conveyor having a bottle support adapted to grip a bottle and maintain it in securely fixed position relative to said support and a spray discharge means provided with a valve, of means in the path of a bottle propelled by said conveyor and connected with said valve and adapted to be actuated by the bottle in a valve opening direction."

"17. A bottle washing machine comprising, in combination, intermittently movable bottle conveying means with periods of dwell between the consecutive movements thereof, bottle support means carried by said conveying means and adapted to maintain a bottle in securely fixed position relative to said support means, and a plurality of spraying devices intermittently operable in timed relation with a period of dwell of said intermittently movable conveying means, one of said spraying devices being operable by a bottle carried in said support means, said support means being so constructed and arranged as to securely maintain a grip on said bottle while said bottle is being moved through said washing machine by said conveying means and while said bottle is subjected to a spraying discharge from said spraying devices."

Claims 14 and 16 in appellants' application were allowed by the Primary Examiner.

Appellants' application discloses a device comprising an endless chain conveyor which is intermittently driven. Mounted on the conveyor, and extending across it, are spaced carrier frames, each adapted to receive several soiled bottles. The bottles are received in pockets on the carrier frames and are held in place by resilient gripping members. After being placed on the conveyor, the bottles are carried to a pre-rinsing station where nozzles are arranged to direct jets of water against them. The flow of water to each of the nozzles is controlled by a valve and each valve is actuated by a lever extending into the path of movement of the bottles, the arrangement being such that each bottle, as it arrives at the pre-rinsing station, actuates the valve which supplies water to the nozzle which is arranged to direct a jet against the bottle, so that rinsing water will be supplied only when there is a bottle in position to be rinsed. After leaving the pre-rinsing station the bottles are carried through a

soaking bath to a washing station where they make three successive stops in registration with nozzles which deliver jets of water against them at various. angles, both internally and externally. Thereafter, the bottles pass to rinsing and sterilizing stations and thence to a discharge station where they are removed from the conveyor.

The references relied on are:
Rubin, 784,504, March 7, 1905.
Pilley, 1,299,507, April 8, 1919.
Wolf, 1,598,634, Sept. 7, 1926.
Price, 1,687,791, Oct. 16, 1928.
Carvalho, 1,714,075, May 21, 1929.
Ladewig et al., 1,734,585, Nov. 5, 1929.
Enz, 1,740,233, Dec. 17, 1929.
Herold et al., 1,824,993, Sept. 29, 1931.
Dufford, 1,825,718, Oct. 6, 1931.
Hippenmeyer, 1,831,351, Nov. 10, 1931.
Gruetter, 1,904,685, April 18, 1933.
Perkins, 1,978,721, Oct. 30, 1934.
Braun, 2,017,941, Oct. 22, 1935.
Dostal, 2,094,398, Sept. 28, 1937.
Wolcott et al., 2,197,602, April 16, 1940.
Ohme et al., 2,217,324, Oct. 8, 1940.

The patent to Ladewig et al. discloses a bottle washing machine in which the soiled bottles are placed in transverse rows on carriers which are mounted on an endless conveyor. The conveyor is moved intermittently and transports the bottles through soaking baths to stations where they are rinsed internally and externally by jets of water and are subjected to a sterilizing spray. The bottles are then sprayed by cooling spray nozzles and are discharged from the conveyor.

The patent to Price relates to a can washing machine and, so far as the issues here are concerned, is similar to the. bottle washer disclosed in the Ladewig et al. patent.

The patents to Enz and Dostal disclose bottle holding devices which are mounted on carriers and which hold the bottles during the washing thereof by engaging the beads adjacent the mouths of the bottles.

The patents to Braun, Pilley, Rubin, and Wolcott et al. disclose receptacle washing machines in which the receptacle, such as a milk can, on arriving at a washing machine station, engages a member which causes a valve to open so that cleaning liquid is delivered against the receptacle.

The remainder of the patents cited are cumulative and do not require detailed consideration.

Claims 1 and 5 to 11, inclusive, were rejected on the ground of misjoinder of invention. It appears that the examiner required division between the following groups of claims: Group I includes claims 5 to 10, inclusive; group II consists of claim 11; group III includes claims 12 to 16, inclusive. He also held that the remaining claims might be included in either group I or group III but not in group II. Appellants elected to prosecute the claims in group III, but retained the other claims in the case in order to question, on appeal, the propriety of the requirement of division. Thereafter claim 1 which, in accordance with the original requirement of division could have been included with either group I or group III, was amended and the examiner held that, as amended, that claim was drawn to the subject matter of the claims in the non-elected group I. He, accordingly, rejected that claim as well as claims 5 to 11, inclusive, on the ground of misjoinder of invention.

Counsel for appellants urge that the examiner should not have rejected amended claim 1 on the ground of misjoinder of invention without submitting the matter to the examiner of classification. So far as the record here shows, counsel for appellants did not request that that question be referred to the examiner of classification and on appeal to the Board of Appeals they assigned no error in that respect. The question involved is merely one of Patent Office practice and it is well settled that this court will not disturb the rulings of the Patent Office on such matters in the absence of an abuse of discretion. In re Austin, 40 F.2d 756, 17 C.C.P.A., Patents, 1202; In re Pondelicek, 47 F.2d 353, 18 C.C.P.A., Patents, 1008; In re Sweet, 136 F. 2d 722, 30 C.C.P.A., Patents, 1124. No abuse of discretion has been shown in the present case, and the rejection of claim 1, as well as claims 5 to 11, inclusive, on the ground of misjoinder of invention must, therefore, be considered on its merits.

■ Claims 1 and 5 to 10, inclusive, are drawn to the combination of a conveying means and bottle washing means, while claims 12 to 16, inclusive, the claims of elected group III, call for the combination of a conveyor and a bottle-controlled valve for regulating the spray of liquid against the bottle. The device called for in claims 12 to 16, inclusive, is that located at appellants' pre-rinsing station, whereas the washing means of claims 1 and 5 to 10, inclusive, are located at a different station on the conveyor. Appellants' pre-rinsing and washing devices are located along the same conveyor and operate successively on the same bottles but they are functionally entirely independent and either might be omitted without affecting the operation of the other in any respect. We are of opinion, therefore, that the requirement of division between those groups of claims and the rejection of claims 1 and 5 to 10, inclusive, for misjoinder of invention were proper. The mere association of several independent mechanisms with a common conveyor does not justify the claiming of all of them in the same application.

■ Claim 11 is drawn to a spray device which is of general application and which is obviously entirely independent of the pre-rinsing mechanism of the elected claims. The rejection of claim 11 on the ground of misjoinder of invention was, therefore, proper.

■■ Claims 2 to 4 and 17 to 21, inclusive, was rejected as being drawn to an old combination. Those claims call for the combination of an intermittently operated conveyor and a plurality of spraying devices designed to supply liquid to articles on the conveyor. This combination is clearly shown to be old in the Ladewig et al. patent. Any novelty which those claims present over the disclosure in that patent, therefore, resides in the spraying devices per se or in the specific conveyor structure and not in the association of a plurality of such devices with a conveyor. The improvement of one element of an old combination does not justify a claim to the improved element together with old parts which perform no new function in the combination. Lincoln Engineering Co. v.

Stewart-Warner Corp., 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008; In re Allatt, 121 F.2d 545, 28 C.C.P.A., Patents, 1367. We are of opinion, therefore, that the tribunals of the Patent Office were right in rejecting claims 2 to 4, inclusive, and 17 to 21, inclusive, on the ground that they call for an old combination. It is unnecessary, therefore, that we consider the rejection of those claims on various combinations of the references.

Each of the appealed claims, 12, 13, and 15, calls for a conveyor having a bottle support adapted to hold a bottle in securely fixed position relative to the support, a spray discharge device provided with a valve, and means in the path of a bottle propelled by the conveyor adapted to be actuated by the bottle to open the valve.

■ Claims 12, 13, and 15 were rejected on the disclosure in the patent to Braun. The patentee discloses a can washing device in which the cans rest on a fixed support and are intermittently gripped by movable clamps which cause them to slide along the support. As the cans move along the support, they engage a projecting member which opens a valve and causes a liquid spray to be projected against them. Although that arrangement is generally similar to that of claims 12, 13, and 15, the patentee is dealing with cans rather than bottles, and the patentee's cans are not maintained in fixed position relative to the support, as required by those claims, but are caused to slide along it.

We are of opinion that claims 12, 13, and 15 are patentable over the disclosure in the Braun patent.

Claims 12, 13, and 15 were further rejected on the disclosure in the patent to Pilley in view of the disclosure in the patent to Braun. However, in the Pilley device, as in that of Braun, the articles washed are cans and they are not held fixed relative to the support, but are caused to slide along it. Those claims were further rejected on the disclosure in the patent to Enz or the disclosure in the patent to Dostal, which patents disclose conveyors having bottles gripped in fixed positions thereon, in view of the disclosures in the patents to Rubin and Wolcott et al.,

which disclose can washing devices and can-actuated valves similar to those disclosed in the patents to Pilley and Braun.

Owing to the fact that the conveying means disclosed in the patents to Enz and Dostal are quite different from the fixed guide along which the cans slide in the patents to Rubin and Wolcott et al., we are constrained to disagree with the views expressed by the tribunals of the Patent Office that it would be obvious to combine the different features disclosed in those references in order to meet the combination defined by appealed claims 12, 13, and 15. We are of opinion, therefore, that claims 12, 13, and 15 are patentable over the references cited against them.

For the reasons herein stated, the decision of the Board of Appeals is modified, being reversed as to claims 12, 13, and 15, and affirmed as to claims 1 to 11, inclusive, and 17 to 21, inclusive.

Modified.

By reason of illness, GARRETT, Presiding Judge, was not present at the argument of this case and did not participate in the decision.