35 C.C.P.A. (Patents)

**Application of AVERY.**

**Patent Appeal No. 5378.**

Court of Customs and Patent Appeals.

Feb. 10, 1948.

Ralph W. Brown, of New York City (Ernest E. Weaver, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 4 and 12 to 20, inclusive, in appellant's application for a patent for an invention relating to a duplicating machine and a method of producing duplicate copies.

The references relied upon are: Carlson 2,094,348 September 28, 1937; Gessler et al. 2,157,385 May 9, 1939; Pittman 2,185,682 January 2, 1940; Kokay 2,267,982 December 30, 1941.

Claims 8, 9, 10, and 11 in appellant's application were allowed by the Primary Examiner.

Appealed claims 4, 15, 16, and 17 define appellant's duplicating machine, claim 15 of which is sufficiently illustrative. It reads: "In a duplicating machine the combination of a rotary drum carrier for a master sheet; means for applying a multiplicity of uniformly distributed liquid deposits to each of a succession of absorbent copy sheets to thereby uniformly moisten the same, and means for effecting an impression pressure of each moistened copy sheet against the master sheet on said drum.

Appealed claims 12, 13, 14, 17, 18, 19, and 20 are method claims of which claims 13 and 18 are illustrative. They read:

"13. The improved method of moistening copy sheets for duplicating machines which comprises flooding a pitted surface with moisture, wiping from such surface substantially all moisture except that contained in the pits thereof, and thereafter placing said surface in contact with the sheet.

"18. The improved method of producing duplicate copies from an inked master sheet which comprises applying to each copy sheet uniformly distributed increments of liquid thereto to thereby uniformly moisten the same, and thereafter pressing each moistened copy sheet against said master sheet to effect on each copy sheet an impression of the inked matter on the master sheet."

Appellant's application discloses a machine in which the master sheet which is to be duplicated is fixed to the periphery of a large roll. The copy sheet passes between the master sheet on the large roll and a smaller roll so that it is pressed against the master sheet and receives a copy therefrom. Before the copy sheet reaches those rolls it is moistened by being passed between another pair of rolls. A suitable liquid is supplied to one of the rolls of the second pair by means of a pump, and a wiping blade bears against that roll in such a manner as to remove excess liquid from its surface. The surface of this roll is provided with a large number of small depressions which retain liquid in them as they pass under the wiping blade. When the movement of the roll brings the depressions adjacent the copy sheet, the liquid which they contain is applied to the sheet and spreads over it to provide a uniform moistening.

The patent to Carlson discloses a coating process in which the under side of a sheet, to the upper side of which the coating is to be applied, is engaged by a roll which rotates in such manner that its surface passes through a liquid bath before engaging the sheet. Between the bath and the sheet the roll surface passes a scraper blade which serves to remove excess liquid. In one embodiment disclosed by the patentee, the roll surface may be provided with a number of small cups or depressions.

The patent to Gessler et al. relates to the application of liquid solvent to a printed

sheet. The solvent is applied by a rotating roll which dips into a solvent bath during part of its rotation and bears against the sheet at another part of the rotation. Between the bath and the sheet the roll is engaged by a scraper blade which removes excess liquid from it. The surface of the roll is covered with small cavities which retain the liquid and apply it to the printed sheet.

The patents to Pittman and Kokay disclose duplicating machines in which copy sheets are moistened on their way to duplicating rolls by being brought into contact with the wetted surfaces of other rolls.

Method claims 12, 13, and 14 were rejected on either of the patents to Carlson or Gessler et al. Each of those patents discloses a process in which a roll having its surface covered with small depressions is dipped into a liquid, passed under a wiping blade which removes substantially all moisture except that contained in the depressions, and then applied to a sheet, with a resultant moistening of the sheet. Those are the only process steps called for by claims 12, 13, and 14.

Counsel for appellant contends that the patentee Carlson does not contemplate that the form of roll which has depressions on its surface shall be used in conjunction with a moistening bath. The form of roll disclosed by the patentee, however, is clearly intended as a modification of a smooth roll which is used with a bath and it was evidently intended that the roll having depressions on its surface should be used in the same manner.

With respect to the patent to Gessler et al., counsel for appellant calls attention to the fact that the patentees state that the sheet will not be substantially wetted by the liquid contained in the depressions on the roll. However, claims 12, 13, and 14 do not call for substantial wetting, but only for "moistening." Webster's New International Dictionary defines "moisten" as "To make moist or damp, to wet slightly." The patentees state that some of the cavities in their roll, which cavities are filled with water, come into contact with the sheet. This would necessarily result in moistening the sheet.

Counsel for appellant also points out that claims 12, 13, and 14 refer to "copy sheets for duplicating machines," and that the patentees Carlson and Gessler et al. do not use their moistened sheets for that purpose. However, the use to which the moistened sheet is to be put cannot lend patentability to an old method of moistening a sheet. See In re Elmyr A. Laughlin, Cust. & Pat.App., 48 F.2d 921, 18 C.C.P.A. (Patents) 1239; In re Fischer, Cust. & Pat. App., 113 F.2d 492, 27 C.C.P.A. (Patents) 1414.

We are of opinion that claims 12, 13, and 14 fail to define invention over either of the patents to Carlson or Gessler et al., and that the rejection of those claims on either of the disclosures in those patents was, therefore, proper.

Article claims 4, 15, 16, and 17 call for the moistening means together with one or more elements of the duplicating machine, whereas method claims 18, 19, and 20 call for the steps of moistening the copy sheet and pressing it against the master sheet to make a copy. Those claims have been rejected on either the patents to Pittman or Kokay on the ground that each of those patents shows the combination of moistening copy sheets and pressing them against a master sheet on a duplicating roll to be old, and that a modification of the specific moistening means or step does not produce a patentably new combination. It is immaterial, so far as the duplicating means or method is concerned, what particular means or method is employed in moistening the copy sheet. The desirability of obtaining a uniform moistening of the copy sheet is obvious and the patentee Kokay specifically states that he obtains such moistening. The substitution by appellant of a different moistening means or method for that disclosed in the patents to Kokay or Pittman does not produce a new combination, since the duplicating means operates in the same manner. Appellant's moistening apparatus and method is not affected in any way by the fact that the moistened sheet is to be used in a duplicating machine rather than for some other purpose.

Claims 4, and 15 to 20, inclusive, do not distinguish over the patents to Kokay or Pittman except in the specific moistening means or method recited. Accordingly, the improvement, if any, defined by those claims, resides in one element only of the old combination of moistening and duplicating. The improvement of one element of an old combination or one step of an old method, does not justify the allowance of claims to the improved element or step in an alleged combination or method with another old element or step whose action is not affected by the improvement. See Lincoln Engineering Co. v. Stewart–Warner Corporation, 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008; In re Allatt, Cust. & Pat. App., 121 F.2d 545, 28 C.C.P.A. (Patents) 1367; and In re Lincoln et al., Cust. & Pat. App., 126 F.2d 477, 29 C.C.P.A. (Patents) 942. We are of opinion that claims 4 and 15 to 20, inclusive, were properly rejected on the ground of old combination.

In view of our conclusion that claims 4 and 15 to 20, inclusive, are unpatentable for the reasons stated, it is not necessary that we here consider the rejection of those claims on the disclosure in the patent to Kokay in view of the disclosure in the patent to Gessler et al.

The decision of the Board of Appeals is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision.