Worley, Judge,
delivered the opinion of tbe court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the Primary Examiner’s final *802 rejection of claims 7, 8,12,13,15,18, IT, 21 to 34, inclusive, 36 and 37 of appellant’s application for a patent on an umbrella construction. Since the rejection was based upon various grounds each claim will require individual consideration.
The following are typical of the appealed claims:
7. In a collapsible umbrella, a center stick comprising upper and lower rod sections arranged in telescopic sliding relation and Raving cooperating guide means to retain the same against relative rotative movement, a collapsible rib structure including spreaders, said rib structure being pivotally connected with the upper end of said upper rod section, a runner operatively connected with said spreaders and slidingly mounted on said upper rod section, a handle member affixed to the free end of said lower rod section, said handle member having means to engage and hold portions of said rib structure when the latter occupies a plurality of collapsed positions, a latching means carried by said runner,- said upper rod section having upper and lower slots, said lower rod section having upper and lower notches, said upper slot being positioned to engage said latch means for retaining the spreaders in the open position, said notches being so constructed and arranged as to engage said latch means through said lower slot when said rod sections are relatively disposed in extended position with the rib structure closed to engage the handle member means in holding relation to the ribs, and when said rod sections are disposed in telescoped position with the rib structure closed to engage said handle member means when the rib structure occupies the collapsed position.
12. In an umbrella frame construction having a center stick, wherein a runner member is slideably mounted on said stick, and a plurality of spreaders are. each privoted at one end to said runner and each has an opening adjacent to the other end thereof, and a plurality of ribs are pivotally mounted on said center stick beyond the runner; the combination of a staple piece secured to a midportion of each rib, said staple piece having a center yoke, said yoke being extended through said spreader opening and forming therewith a pivot between the rib and the spreader.
15. The collapsible umbrella defined in Claim 7 in which said rib structure pivotal connection includes a rib retainer, a plurality of ribs forming part-of said rib structure pivotally mounted on said rib retainer, each of said ribs being made of light weight metal having substantially the same cross-sectional .contour throughout, said cross-sectional contour being arcuate-shaped of relatively uniform thickness, with a maximum concave depth of the arcuate-shaped contour of less than the thickness of the rib to permit flexing when the umbrella construction is opened.
16. For use in an umbrella construction such as defined in Claim 8 in which said runner carries spreader retaining means having a radially extending flange forming a cage with uniformly spaced rim portions to serve as bearings, and a plurality of spreaders each being integrally formed with T-shaped ends pivoted in said bearing, said spreader retainer being mounted to confiné each of said T-shaped spreader ends in pivotal position against said runner.
22. In a rib structure for a collapsible umbrella, comprising a rib formed from a narrow thin strip of light weight metal, the strip having a continuous shallow concavity in its transverse cross-section throughout its length.
25. In a rib structure for a collapsible umbrella, comprising a rib formed from a narrow thin strip of light weight metal, the strip having a continuous 'shallow *803 concavity in its transverse cross-section throughout its length, the end of the rib having the umbrella fabric attached thereto having a rounded end integrally formed from the concaved strip and means for receiving thread or the like to fasten the fabric to the rib, the depth of the concavity being not greater than the thickness of the strip.
29. In an umbrella frame construction having a center stick, a rib retainer rigidly mounted on said stick and having a plurality of fingers extending radially and in substantially the same plane and forming gaps there between, the fingers at their ends extending toward each other, and a plurality of ribs of substantially uniform width, the side edges of each rib adjacent one end being notched, and the rib being seated in the retainer with the notches received between the ends of the fingers extending toward each other.
32. In an umbrella construction having a cover fabric, a center stick, a rib retainer rigidly mounted on said stick, a plurality of substantially identical ribs of light weight metal, each rib being substantially arcuate-shaped in cross-section and substantially the same thickness throughout, the maximum concaved depth of the arcuate-shaped contour being less than the thickness of the rib, the ribs being pivotally mounted on the rib retainer at one of their ends, the pivot ends of the ribs being of the same cross-sectional thickness as the rest of the rib.
The references relied on are:
Willis, 319,767, June 9, 1885.
McComb, 739,437, September 22, 1903.
Furlow, 820,295, May 8, 1906.
Schaffer, 1,135,055, April 13, 1915.
Shirley, 1,233,718, July 17, 1917.
Hoffland, 1,263,891, April 23, 1918.
Kuehner, 1,290,245, January 7, 1919.
Okun, 2,221,288, November 12, 1940.
The appealed application relates to an umbrella of the double folding type, in which the ribs and spreaders collapse into a space considerably smaller than that occupied by the conventional umbrella. As disclosed, appellant’s umbrella comprises a stick composed of two telescopic sections provided with latching means for holding them in a contracted or extended position. The ribs, covering, and spreaders are generally similar to those conventionally employed but, when the umbrella has been collapsed in the ordinary manner, it may be retained in that condition, or the outer portions of the ribs may be folded back adjacent the inner portions and the handle section telescoped so that the length is about half that of an ordinary umbrella. Numerous structural details are involved which will be considered in the discussion of the various claims.
In view of the detailed nature of the claims and the unusually large number of both references and claims, it seems inadvisable to discuss the references collectively. We will, accordingly, proceed to a consideration of the individual claims and rejections, considering the *804 nature of the disclosures of the references as they become pertinent in that connection.
Appealed claims 7, 12, 13,15, 17, 21, and 28 were rejected as being-drawn to an old combination disclosed by the Okun patent. That patent shows an umbrella of the same general type as appellant’s comprising a stick having two telescoping parts, and collapsible ribs which may be folded back when the parts of the stick are telescoped so that the length of the folded umbrella is approximately half the extended length.
Claim 7 distinguishes over the Okun patent in the recitation of specific features of the stick- which permit its parts to be properly moved to desired positions and secured therein. It was the position of the examiner and the board that those features constitutes an improvement in the stick only, and that the claim should have been limited to the stick structure instead of including other parts such as the handle and the ribs.
It is evident that all the parts recited in claim 7 contribute to the production of a unitary device, and that each of them coacts with the others. The board apparently conceded that appellant’s “stick assembly,” comprising the telescoping parts with the claimed slots and notches and the runner with its latch constituted a proper combination, but found that the rib structure, handle, and spreaders had no such cooperation with that assembly as to justify the inclusion of all of them in the same claim. It is to be noted, however, that the runner would be useless apart from its relationship to the spreaders and rib structure, and that it coacts with them to the same extent and at the same time as with the stick members. The handle also coacts with the rib assembly, as recited in the claim, to hold the parts in the desired position. Under such circumstances we question whether the rejection of claim 7 on the ground of old combination was proper. It does not appear to be alleged that appellant’s stick assembly has utility apart from an umbrella. It was designed as it is in order to cooperate in a particular way with other umbrella elements. The broad recitation of such other elements in the claim does not result in a failure to point out the invention, but merely brings out the result obtained by the stick assembly.
While the allowance of claims in one case cannot be made a criterion for the allowance of other claims in another case, it may be noted that the dean patent contains claims to a stick assembly and also claims which recite that assembly in combination with other umbrella elements such as the handle.
Claim 15 is dependent on claim 7 and adds thereto a recitation of certain features of the rib structure, including the material of which *805 it is made and the shape of the ribs. While there is a proper coaction between appellant’s stick assembly and a rib structure broadly, as recited in claim 7, we are of the opinion that there is no such coaction between the specific stick and rib structures recited in claim 15 as to constitute them a new combination patentable over the Okun patent.
The following statement was approved by this court in In re Allatt, 28 C. C. P. A. (Patents) 1367, 121 F. 2d 545, 50 USPQ 214:
The test to be applied to claims of this character is whether or not the action of one of the elements embraced by the claim is modified in any way by the fact that another element has the specific structure recited. Unless such modification occurs, the claim recites merely an aggregation or old combination.
We agree with the board that “there appears to be no distinctive correlation between appellant’s latch arrangement or the non-rotative guide for the stick sections and the particular recited rib structure that would produce any peculiar coaction resulting in a new combi-national effect.”
As was said in In re Allatt, the fact that a claim may contain a feature per se patentable does not necessarily mean that the inclusion of such feature renders the device of which it is a part patentable as a combination. Claim 15, by reason of its inclusion of unrelated details of stick and rib structure fails to define a patentable or new combination and its rejection will accordingly be affirmed.
Claims 12, 13, and 17 were rejected as being drawn to an old combination including center stick, runner, spreaders, ribs, and a specific pivotal connection between the spreaders and ribs. The examiner held that the novelty, if any, was in the specific connection per se. The board sustained that holding. We are of the opinion, however, for reasons similar to those stated in connection with claim 7, that the broad recitation of other elements which coact with the connection and are essential to its proper functioning does not render those claims unpatentable as being drawn to old combinations.
Claims 21 and 28, which were also rejected as being drawn to old combinations, include features of the rib structure, runner, and- stick structure. These elements, broadly, coact to make a unitary device and we are of the opinion that there is sufficient cooperation between their specific forms as defined in claims 21 and 28 to avoid a rejection on the ground of old combination.
Claim 8, which is drawn to an umbrella stick construction was rejected on the ground of misjoinder of invention as the result of a requirement for division between it and claims drawn to rib construction and umbrella assemblies. As stated by the board, that requirement was held to be dependent on the non-allowance of any of the so-called linking claims; namely, those rejected on the ground of old combina *806 tion. Since we have held a number of such linking claims allowable? the rejection of claim 8 for misjoinder must be reversed.
Claim 16 was held by the board to be unpatentable over the patent to Kuehner, which discloses an umbrella including a runner comprising a collar slidable on the stick and having its lower edge slotted and turned outwardly to provide fingers. The outer ends of these fingers are turned back, in curved form, until they almost abut the collar, thus forming a series of loops. The inner ends of the spreader members are provided with lateral projections on each side and each spreader member passes between two fingers of the collar, with its lateral projections being received in the loops formed by the fingers.
We agree with the board that claim 16 defines nothing patentable over Kuehner. The flange of the reference forms a cage with uniformly spaced rim portions to serve as bearings, as required by the claim, and the spreaders, with the lateral projections form T-shaped ends pivoted in the bearings. Whether the spreaders and projections are formed integrally, as in appellant’s device, or from separate parts firmly secured together as in Kuehner, is merely a matter of choice. Claim 16 states that the T-shaped spreader ends are held against the runner in pivotal position whereas in Kuehner the spreader ends, although pivotally mounted, are shown as slightly spaced from the runner. This, in our opinion, is merely a matter of choice or design in the specific proportioning of parts.
Claims 22 to 25, inclusive, were rejected on the patent to Willis. That patent discloses an umbrella rib structure comprising a rib having a concovity in its transverse cross-section throughout its length, although the concavity appears to be more shallow at one part of the rib than another. We agree with the board, however, that the exact degree of concavity is a matter of choice and that there would be no invention in changing the ribs shown by Willis so that they had a shallow concavity throughout their length. Claims 22 and 23, therefore, are. unpatentable over Willis.
Claims 24 and 25 include additional statements that the end of the rib is rounded and provided with means to receive a thread. Willis discloses an aperture in his rib which is obviously intended to receive a thread, and the rib has a rounded end portion which is apparently integral with the rest of it. Even if it were not, there would be no invention in making it so. Accordingly, claims 24 and 25 do not distinguish patentably over Willis.
Claims 26 and 27 were held by the board to be unpatentable over the Kuehner patent, above discussed. That patent discloses an umbrella rib structure in which the rib is pivotally attached to the' umbrella by means of an end portion which comprises two spaced lateral -projections on each side at the end of the rib. The spaces *807 between those projections may properly be regarded as notches within the meaning of claims 26 and 27. As indicated by the board, the statement in claims 26 and 27 that the rib is concave in cross-section lacks patentable import in view of the Willis patent and of the conventional U-shaped umbrella rib. We are accordingly of the opinion that claims 26 and 27 are not patentable, since such distinctions as it presents over the reference involve no more than matters ;of design which would be obvious to a skilled worker in the art.
Claims 29, 30, and 31, were rejected on either of the patents to McComb and Furlow. Claim 29 is drawn to an umbrella frame construction comprising ribs having notched ends, and a rib retainer having fingers extending radially in substantially the same plane and extending toward each other at their ends. In appellant’s device the •fingers are approximately T-shaped with the cross piece of the T’s extending toward each other, but leaving spaces which receive the notched portions of the ribs, while the larger portions of the ribs beyond the notches are received in the spaces between the cross pieces and the body of the retainer.
The McComb and Furlow patents are similar. Each of them discloses a rib retainer for receiving the ends of ribs which have restricted portions constituting, in effect, notches adjacent their ends. Each patent shows a rib retainer comprising a portion closely surrounding the umbrella stick and an outer portion, generally U-shaped in cross-section, and also surrounding the stick. The latter portion ■ is provided with radial slots which receive the notches in the ribs, with ■the larger portions of the ribs beyond the notches lying within the U-shoped portions and adjacent the stick. Each of the references discloses a runner constructed similarly to the rib retainers just described and similarly receiving the notched ends of the spreaders.
In sustaining' the rejection of claims 29, 30, and 31, the board said:
While it would appear that in each of McComb and Furlow the recited extension-of the ehds of the fingers does ndt-oecur in the sense intended by "appellant .but. thát the slots therein between said fingers are of uniform width, we do not regard the feature in question as of any patentable significance. The finger end extension as recited, in our opinion, constitutes merely a minor mechanical expedient such as would readily suggest itself to one skilled in the art without the exercise of any inventive ingenuity, particularly since in each of the references the dimensional relationship between the slots of the retainer and the notched ends of the ribs is such as to produce the necessary retaining function and enable the pivoting of the ribs in said retainer.
We are of the opinion that the foregoing statement is correct and that claim 29 defines no invention over, the references. •
Claim 30 is.drawn to a runner and spreader construction-similar to the retainer and rib structure of claim 29, while claim 31 combines *808 the features of claims 29 and 30. Both McComb and Furlow show runner and spreader arrangements similar to their rib and retainer constructions. Accordingly, for reasons similar to those given-in connection with claim 29, claims 30 and 31 also are unpatentable.
Claims' 32, 33, 34,- and 37 combine, in various degrees of breadth, the rib structure of claims 22 and 25 with the retainer and runner structure of claims 29, 30, and 31. There is no peculiar coaction between those features, since ribs shaped as claimed could obviously be used with other types of runners or retainers, while the specific runner and retainer claimed could be used with various types of ribs.
Claims 32, 33, 34, and 37 were rejected on McComb in view of Willis. For the reasons set forth in connection with claims 22 to 25, 29, 30, and 31, we are of the opinion that the rib structure recited in claims 32, 33, 34, and 37 is unpatentable over what is shown by Willis, and that the retainer and runner structures claimed are unpatentable over McComb. In view, of the lack of any new or unexpected result, there would be no invention in combining the features of those references to produce the structure recited in claims 32, 33,. 34,. and 37..
While claims 32, 33, 34, and 37 call for slight structural differences over what is shown by the references, it is within the expected skill of the ordinary skilled worker in the art to modify the shapes and proportions of parts as may appear to be expedient. The distinctions called for by .those claims are of the nature which such a., worker might readily produce in adapting the prior art devices.
Claim 36 was held to be unpatentable over the Furlow patent, which was applied by the board in detail and, in our opinion, properly. We have carefully considered appellant’s arguments in connection with that claim -.but agree with the board that the slight structural, differences involved , are not inventive.
The decision of the Board of Appeals is modified, being affirmed as to claims 15, 16, 22 to 27, inclusive, 29 to 34, inclusive, 36 and 37,’ and reversed as. to claims 7, 8,.12,13,17, 21, and 28.
Jackson, J., retired, recalled to participate herein in place of Cole, J., absent because of illness.