**EVANS PRODUCTS COMPANY,**
Appellant,

v.

**PRECO INCORPORATED, Appellee.**

No. 20868.

United States Court of Appeals
Ninth Circuit.

May 15, 1967.

Leonard S. Lyon, Jr., Roland N. Smoot, John A. Blair, Detroit, Mich., Lyon & Lyon, Los Angeles, Cal., Harness, Dickey & Pierce, Detroit, Mich., for appellant

R. Welton Whann, Whann & McManigal, Los Angeles, Cal., for appellee.

Before JONES, Senior Judge, United States Court of Claims *, and BARNES and JERTBERG, Circuit Judges.

JONES, Senior Judge:

This is an appeal from a judgment of the United States District Court for the Southern District of California, Central Division (now the Central District), which held that Patent No. 2,543,143 owned by appellant Evans Products Company, was invalid, and that it was not infringed by the accused devices of appellee Preco Incorporated.

Jurisdiction was conferred on the district court by 28 U.S.C. §§ 1338, 1391, 1400(b), and 2201. Jurisdiction is conferred on this court by 28 U.S.C. § 1291.

Patent No. 2,543,143, the Wells patent, issued in February 1951, discloses a load divider or partition for use in trucks which transport livestock. The truck is adapted to utilize the partition by mounting longitudinal tracks along the tops of the side walls. A crossbar with rollers at each end is mounted across the width of the truck so that the rollers rest in, and slide along, the longitudinal tracks. A pivot or swivel is positioned under the crossbar and the partition is hung from this pivot. The crossbar and pivot are designed so that the pivot may be run laterally along the crossbar. The partition is as wide as the interior of the truck body. The arrangement of longitudinal rails, slidable crossbar, and a pivot which moves laterally along the crossbar permits the partition to be positioned at a variety of points along the length of the truck body, and during loading, or when not in use, to be rotated on the pivot parallel to the side walls and pushed to one side out of the way.

The device illustrated by the Wells patent was never manufactured commer-

* Sitting by designation of the Chief Justice.

cially. Appellant acquired the patent in July 1959 and allegedly adapted the device for use in railroad freight cars; the adaptation met with commercial success.[1] The purpose of a freight car partition is to prevent the load from shifting during transit. Originally, partitions were built into the freight car after loading by positioning wooden beams across the width of the car and nailing them to the sides. Before unloading, the lumber was knocked out and thrown away. This was wasteful and inefficient; the movable partition represented a significant improvement. The accused devices of appellee are essentially similar to appellant's adaptation.

■ The district court found: (a) that the Wells patent was invalid for lack of invention, Record, p. 400; (b) that the appellee's devices did not infringe the Wells patent, Record, p. 401. We agree with the district court on the issue of validity and therefore do not reach the question of infringement.

Title 35 U.S.C. § 103 states in part:

A patent may not be obtained * * if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

When the subject matter is obvious the device lacks the inventiveness necessary for patentability. However, the presence or absence of obviousness is often difficult to judge. The Supreme Court examined section 103 and the question of patent validity most recently in Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). In order to guide lower courts in applying section 103 the Court set forth a series of tests:

Under § 103, the scope and content of the prior art are to be determined;

differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. [383 U.S. at 17, 86 S.Ct. at 694]

It was on the basis of these tests that the district court examined the Wells patent and held it invalid. The court stated in its conclusion:

The Wells et al. Patent No. 2,543,- 143, the patent in suit, and all of its claims, are invalid under Section 35 U.S.C. 103 because the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. [Record, p. 400]

This conclusion came after a 12-day trial and a thorough examination by the trial court of the devices involved as well as the prior art. The conclusion was supported by explicit findings of fact, a few of which are mentioned here in brief. In Finding 12, Record, pp. 390, 391, the court examined each of the 10 elements of Claim 1 of the Wells patent and cited the prior art which anticipated it. Findings 13 and 14, Record, pp. 391, 392, cited prior art which disclosed partitioning devices and load-supporting devices similar to the patent in suit.

■■ The district court also concluded that the Wellls patent consisted of nothing more than a combination of elements found in prior art, Record, p. 401. The Supreme Court has warned that care should be taken when assessing a combination device, since old elements which do not perform a new or different function are not patentable. Lincoln Eng. Co. of Illinois v. Stewart-Warner Corp., 303

---

1. The district court found that appellee, which had manufactured movable adjustable partitions for freight cars as early as 1941, resumed work on parti- tions in 1958, several months before appellant adapted its product so as to make it applicable to freight cars. Record, p. 388.

U.S. 545, 549, 58 S.Ct. 662, 82 L.Ed. 1008 (1938); Great Atl. & Pac. Tea Co. v. Supermarket Equip. Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162 (1950). In Findings 15 through 19 the trial court detailed how the Wells patent contained only the combining of features found in prior patents and therefore wholly lacking in novelty. For example, the Potter patent, No. 226,102, disclosed a farm gate supported on a transverse beam by a swivel connection which engages a roller trolley on the transverse beam. The Staiger patent, No. 2,437,486, discloses a load-supporting device of the bridge-crane type, which is used to move a load to any desired position within a freight car. In regard to the ability of the Wells device to place the partition along the side walls, Finding 19, Record, p. 393, found that the Wieden patent, No. 2,360,-029, "provided lateral track means for storing the partitions at a single point on each of the side walls." These patents and the others cited led the district court to find that:

> The prior art contains every element and every function of the Wells, et al. patent in suit. Each element and the function of each element of the Wells, et al. patent in suit is old, and there is no coaction between the elements any different than the coaction between the elements of the prior art. [Finding 22, Record, p. 394]

A review of the record fully supports this finding and the resultant conclusion:

> The Wells, et al. Patent No. 2,543,-143, the patent in suit, and all of its claims, are invalid because the Wells et al. structure is an aggregation of old elements and under the law is not a patentable combination. [Record, p. 401]

Appellant argues that the commercial success of the Wells patent indicates its validity. It should be noted, however, that commercial success in itself does not support patentability. Great Atl. & Pac. Tea Co., supra, at 153, 71 S.Ct. 127. In Graham v. John Deere Co., supra, the Supreme Court states that commercial success is a "secondary consideration," 383 U.S. at 17, 86 S.Ct. 684. Novelty must first be established, and the patent in suit in this case lacks this feature.

We are convinced that the Wells et al. patent in dispute here, is not a novel device, but would have been obvious to a person having ordinary skill in the art which applies to this area. We hold the findings of the district court to be fully supported by the evidence, and its conclusions of law regarding the invalidity of the patent in suit to be correct on the basis of the authorities considered. For these reasons, the decision of the district court is affirmed.