**Louis C. STUKENBORG et al., Plaintiffs-Appellants,**

**v.**

**TELEDYNE, INC., a corporation, Defendant-Appellee.**

**No. 24389.**

United States Court of Appeals, Ninth Circuit.

April 12, 1971.

John J. McAleese, Jr. (argued), of Synnestvedt & Lechner, Alfred C. Aurich, Philadelphia, Pa., Andrew J. Belansky, Pasadena, Cal., for plaintiffs-appellants.

William H. Pavitt, Jr. (argued), George F. Smyth, of Smyth, Roston & Pavitt, Los Angeles, Cal., for defendant-appellee.

Before BARNES, DUNIWAY and ELY, Circuit Judges.

DUNIWAY, Circuit Judge:

This is an appeal from a final partial summary judgment (Rule 54(b) F.R. Civ.P.) in a patent infringement case. We affirm. Appellants are the owners and the exclusive licensee of Patent Number 2,843,408 (the '408 patent). They brought this action against appellee Teledyne, Inc., for inducement of infringement and contributory infringement of claims 5, 6, and 7 of the patent, 35 U.S.C. §§ 271(b), (c), 281. Teledyne filed a motion for partial summary judgment under F.R.Civ.P. 56(b), which was granted.

Claims 5–7 of the '408 patent have previously been litigated in the Court of Claims, though the parties before that court were not identical with the parties before us. Stukenborg v. United States, 1967, 178 Ct.Cl. 738, 372 F.2d 498. That court found claims 5–7 to be valid combination claims. As will be seen, we disagree.

1. *The facts.*

This case revolves around a turnbuckle, details of the design for which are the subject of the disputed claims. The turnbuckle assembly is intended for use in aircraft, to maintain tension in cables connected to the controls. It has four basic components: (1) a barrel or sleeve, forming the central section of the assembly and having internally threaded ends; (2) two end pieces, having exterior threads, each of which screws into one end of the barrel and is attached to one end of the cable joined by the turnbuckle; (3) grooves cutting across the threads of the barrel and end pieces, and (4) a wire clip, which is inserted in the aligned grooves and thus locks the barrel and end pieces so that the end pieces cannot rotate within the barrel. The assembly is described in considerably greater detail in the district court's opinion in this case, reported at 299 F. Supp. 1152, where the language of the claims of the '408 patent is substantially set out, *id.* at 1154–1155, 1156 n. 11, and where a drawing of the turnbuckle assembly is given, *id.* at 1169 (Appendix D). We need not describe the assembly in any detail here; it suffices to refer to the district court's opinion. Nor do we discuss the history behind the development of an effective lock for aircraft turnbuckles, for that is adequately set out in the opinion of the Court of Claims. 372 F.2d at 500–502.

Teledyne's motion for partial summary judgment asserts: (1) that claims 5–7 of the '408 patent, if valid, cover only the wire locking clip and no other parts of the turnbuckle assembly, that Teledyne manufactured, purchased, and marketed only turnbuckle barrels and end pieces and not the clips, and that claims 5–7 were therefore not infringed; and (2) that if claims 5–7 of the '408 patent are combination claims covering the entire turnbuckle assembly, they are invalid for obviousness and overclaiming. In support of its motion, Teledyne filed an affidavit of William A. Toplikar, in which he stated that he is the person most familiar with Teledyne's

activities since 1959 in purchasing, manufacturing, and marketing turnbuckles, that Teledyne "has sold many different types, sizes and qualities of turnbuckles and components therefor," but that it has never manufactured any of the wire clips described in the '408 patent. The very few such clips that it sold to its customers, it purchased from a licensee of the '408 patent. Mr. Toplikar's statements of fact stand uncontradicted by appellants.

The district court found that claims 5–7 of the '408 patent covered the clip only and that there was no infringement of those claims. 299 F.Supp. at 1154–1157. The court also found that if claims 5–7 were combination claims, they were invalid for obviousness and overclaiming, *Id.* at 1157–1165. We do not pass on the matter of obviousness, but we hold that in other respects the district court was right.

2. *The propriety of summary judgment.*

■ Appellants object strenuously to the granting of summary judgment in this patent case. However, "[i]t is well settled, in this and other circuits, that summary judgment, holding a patent claim invalid, is proper if the * * * requirements [of Rule 56, F.R.Civ.P.] are met." Proler Steel Corp., Inc. v. Luria Bros. & Co., 9 Cir., 1969, 417 F.2d 272, 273, citing numerous decisions of this court. See also Ashcroft v. Paper Mate Mfg. Co., 9 Cir., 1970, 434 F.2d 910, 911–912. The requirements of Rule 56 are met in this case.

3. *Claims 5–7 as clip claims.*

■ Claims 5–7 are ambiguous. Each is susceptible to interpretation either as a claim for the wire clip only or as a claim for the entire turnbuckle assembly. After a lengthy syntactical analysis, the district judge concluded that claims 5–7 covered only the clip. 299 F.Supp. at 1154–1157. While we admire the district judge's linguistic exactitude, we express no opinion as to the correctness of his conclusion. For as-

suming *arguendo* that claims 5–7 cover the clip only, no contributory infringement or inducement of infringement has occurred.

It is well settled that "if there is no *direct* infringement of a patent there can be no *contributory* infringement." Aro Mfg. Co. v. Convertible Top Co., 1961, 365 U.S. 336, 341, 81 S.Ct. 599, 602, 5 L.Ed.2d 592. Since appellants did not charge Teledyne with direct infringement, the only direct infringement of possible relevance would be direct infringement by the purchasers of Teledyne's turnbuckle components. If these purchasers and users "could not be amerced as [infringers] certainly one who sold to [them] * * * cannot be amerced for contributing to a non-existent infringement." *Id.*, quoting Mercoid Corp. v. Mid-Continent Investment Co., 1944, 320 U.S. 661, 674, 64 S.Ct. 268, 275, 88 L.Ed. 376 (Roberts, J., dissenting).

The Toplikar affidavit states that Teledyne's sales of turnbuckle components consist almost entirely of end pieces and barrels, and that the few clips sold had been purchased from licensees of the patent. Appellants have not controverted these assertions. If claims 5–7 of the '408 patent cover only the clip, purchasers of barrels and end pieces from Teledyne do not infringe. Additionally, purchasers of clips from Teledyne do not infringe, for Teledyne purchased the patented items from a licensee of the patent. United States v. Univis Lens Co., 1942, 316 U.S. 241, 249–252, 62 S.Ct. 1088, 86 L.Ed. 1408; Hensley Equipment Co. v. Esco Corp., 5 Cir., 1967, 383 F.2d 252, 263. Conceivably, the purchasers of Teledyne's barrels and end pieces could have purchased them with the intent to assemble them together with clips acquired from others than a licensee of the '408 patent. However, appellants have not shown, by affidavit or otherwise, that any such thing occurred. Since appellants have not shown a direct infringement, no contributory infringement exists.

An identical conclusion obtains in the case of inducement of infringement, for as with contributory infringement, direct infringement is a prerequisite. See Aluminum Extrusion Co. v. Soule Steel Co., C.D.Cal., 1966, 260 F.Supp. 221, 224.

4. *Claims 5–7 as combination claims.*

■ If we regard claims 5–7 as combination claims, as appellants urge us to do, we need not inquire whether the claims have been infringed, for we agree with the district judge that the claims are invalid for overclaiming.

The parties agree that two patents are pertinent prior art, German patent No. 747,256 (the German patent), and United States Patent Number 2,580,482 (the '482 patent) granted to appellants Stukenborg and Utterback.[1] The diagrams accompanying these two patents appear in 299 F.Supp. at pages 1166 (Appendix A) and 1167 (Appendix B), respectively. Like the '408 patent, each of these two earlier patents shows a threaded barrel, two threaded end pieces, and a wire clip inserted in a longitudinal groove running across the threads, to prevent rotation of the end pieces relative to the barrel and to each other. The source of the differences among the three assemblies is solely in the substitution of one wire locking clip for another.

The district judge drew the following conclusions from these similarities, conclusions that are eminently correct:

"When Stukenborg allegedly invented what became the 408 patent, he did not take old components and add a new element to cause the old components to achieve a different or unexpected result. He simply improved the wire clip and substituted the improved clip for the older clips, as had been done in the 482 patent * * * over the German patent. Substituting an improved element in an old combination but still using the same basic elements (barrel, end pieces, wire locking clip) as was used in the old combination, without adding another element, to accomplish the same result, does not give plaintiffs a right to claim a patent monopoly on the whole combination. Lincoln Engineering Co. of Illinois v. Stewart-Warner Corp., 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008 (1938); Bassick Manufacturing Co. v. R. M. Hollingshead, 298 U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251 (1936); Evans Products Co. v. Preco Incorporated, 378 F.2d 191 (9th Cir. 1967); Goodman v. Super Mold Corp. of California, 103 F.2d 474 (9th Cir. 1939). Even if it is assumed that the improved clip claimed in the 408 patent is inventive and patentable over the old clips this still does not give plaintiffs a right to claim a monopoly on the whole combination. In re Tibony, 241 F.2d 953, 44 C.C.P.A. 801 (1957)." 299 F.Supp. at 1163–1164.

See also Great Atl. & Pac. Tea Co. v. Supermarket Equipment Corp., 1950, 340 U.S. 147, 152–153, 71 S.Ct. 127, 95 L.Ed. 162; Proler Steel Corp., Inc. v. Luria Bros. & Co., 9 Cir., 1969, 417 F.2d 272, 277–278; Holstensson v. V-M Corporation, 6 Cir., 1963, 325 F.2d 109, 122–125.

5. *The presumption of validity.*

■ Appellants stress the presumption of validity of the patent under 35 U.S.C. § 282. That statutory presumption, however, "is of no effect when it is wholly dissipated by rebutting considerations." Groen v. General Foods Corp., 9 Cir., 1968, 402 F.2d 708, 711 n. 2. The documents and exhibits accompanying Teledyne's motion for summary judgment are clear and convincing evidence of the unpatentability of claims 5–7 as combination claims, and so are sufficient rebutting considerations. Hayes Spray Gun Co. v. E. C. Brown Co., 9 Cir., 1961, 291 F.2d 319, 322. Moreover, the file wrapper of the '408 patent does not list the German patent

---

1. The district judge actually found three prior art references. The third was United States Patent Number 2,843,407. We find it unnecessary to decide whether it, too, is relevant prior art.

as a prior art reference, see 299 F.Supp at 1164 and n. 38. Monroe Auto Equipment Co. v. Superior Industries, Inc., 9 Cir., 1964, 332 F.2d 473, 481.

6. *The Court of Claims decision.*

Appellants rely heavily on the decision of the Court of Claims in Stukenborg v. United States, 1967, 178 Ct.Cl. 738, 372 F.2d 498. Of the several holdings in that decision, the only one pertinent here is the determination that claims 5–7 of the '408 patent are valid combination claims. 372 F.2d at 502. We simply disagree with that determination.

Affirmed.